UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
PTAH AMEN,

                                        Plaintiff,

                    -against-

DNATA AVIATION USA, INC., GROUND
SERVICES INTERNATIONAL, INC.,

                                    Defendants.
-----------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, PTAH AMEN, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, upon information and belief, complains as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Article 23-A of the New York State Corrections Law §§ 750 – 755 ("NYSCL"); the New York State Human Rights Law, New York State Executive Law §296 et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §8-107 ("NYCHRL"), and seeks damages to redress the injuries Plaintiff AMEN has suffered as a result of being **Discriminated Against** and **Denied Employment**, solely on the basis of a criminal conviction that is more than twenty-two (22) years old.

2. NYSCL Article 23-A was enacted to eliminate bias against ex-offenders in obtaining employment and to remove obstacles to their employment by imposing obligations on employers to deal equitably with ex-offenders, while protecting society's interest in hiring and employing reliable and trustworthy persons.

3. NYSCL §752 states in pertinent part that "[n]o application for any license or employment . . . shall be denied by reason of the applicant's having been previously convicted of one

or more criminal offenses . . . unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or (2) the issuance of the license or the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public."

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6. That at all times relevant hereto, Plaintiff PTAH AMEN ("AMEN") was a resident of the State of New York and County of Kings.

7. That at all times relevant hereto, Defendant DNATA AVIATION USA, INC. ("DNATA") was a foreign business corporation doing business in the State of New York with its principal executive office located at Emirates Group Headquarters, Al Garhoud, Dubai, United Arab Emirates.

8. That at all times relevant hereto, Defendant GROUND SERVICES INTERNATIONAL, INC. ("GSI") was and is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of Michigan with its principal executive office located at 10049 Harrison, Suite 400, Romulus, Michigan 48174.

9. That at all times relevant hereto, Defendants DNATA and GSI provided operational

services at JFK International Airport, including loading and unloading baggage and luggage onto and off of airplanes.

10. Defendants DNATA, and GSI are collectively referred to herein as "Defendants."

## MATERIAL FACTS

11. On or about June 28 1995, Plaintiff AMEN was convicted in the State of New York of Murder in the Second Degree.

12. On or about August 22, 1995, Plaintiff AMEN was sentenced to twenty (20) years to life.

13. Plaintiff AMEN was incarcerated from on or about October 12, 1993 through on or about August 5, 2015.

14. More than two (2) years after his release, on or about December 12, 2017, Plaintiff AMEN applied for a position as a baggage handler with Defendants.

15. Defendants did not consider Plaintiff AMEN's application individually, and summarily disregarded Plaintiff AMEN's application because of his criminal history.

16. Moreover, Defendants provided Plaintiff AMEN with a document bearing the heading "Ground Services International Disqualifying Crimes/Residence History." The document lists a number of crimes. Number 19 is "Murder."

17. There is no direct relationship between the crime of murder and the baggage handler position to which Plaintiff AMEN applied, which involves loading and unloading luggage onto and off of airplanes.

18. While Plaintiff AMEN wished to discuss the circumstances of his conviction as well as everything that he had accomplished since such conviction, Defendants refused to even entertain the idea and speak any further.

19. Before denying Plaintiff AMEN's employment due to a criminal conviction, Defendants

failed to perform the mandatory analysis, pursuant to the NYSCL, of numerous factors, including: (a) The public policy of New York State to encourage the employment of persons previously convicted of one or more criminal offenses; (b) The specific duties and responsibilities necessarily related to the employment; (c) The bearing, if any, the criminal offense for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities; (d) The time which has elapsed since the occurrence of the criminal offense; (e) The age of the person at the time of occurrence of the criminal offense; (f) The seriousness of the offense; and (g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

20. Instead, **Defendants denied Plaintiff AMEN's employment based solely on his conviction record without performing the proper fact-specific analysis**. If Defendants had performed the mandated analysis, they would have found that that there is **no direct relationship between Plaintiff AMEN's conviction from more than twenty-two (22) years before and the position to which he applied.**

21. Moreover, a factual investigation would have revealed the impressive extent of Plaintiff AMEN's rehabilitation and good conduct. Indeed, despite receiving a life sentence, Plaintiff AMEN was paroled and released from prison only twenty-two (22) years after receiving his sentence.

22. As Plaintiff AMEN's application for parole indicates, he was a model prisoner who successfully strove to rehabilitate himself in order to be reintegrated into society. His application was supported by four (4) corrections officers. In addition, he earned several certificates for engaging in several rehabilitation programs during his incarceration.

23. Given his accomplishments and character, the New York State Board of Parole granted his application and he was released from prison on or about August 5, 2015.

24. Since his release, Plaintiff AMEN has been a productive and law-abiding New Yorker.

25. Since his release, Plaintiff AMEN has consistently sought and secured gainful employment.

26. Plaintiff AMEN was employed at the Dollar Tree, located at 460 Willis Avenue, Bronx, New York from about September 2015 to about April 2016.

27. Plaintiff AMEN was seasonally employed with the New York City Parks Department from on about July 31, 2016 through on or about September 6, 2016. The New York City Parks Department rehired Plaintiff AMEN, and he was again seasonally employed there from on about May 21, 2017 through on or about September 5, 2017.

28. Plaintiff AMEN was employed by Bread's Bakery, located at 18 East 16th Street, New York, New York from September 21, 2017 through October 10, 2017.

29. Accordingly, Defendants **engaged in unlawful and discriminatory conduct when they denied Plaintiff AMEN employment solely due to one (1) twenty-two (22) year old conviction**.

30. Plaintiff AMEN has been unlawfully discriminated against, humiliated, degraded, victimized, embarrassed, and belittled, and as a result, suffers loss of rights, severe emotional distress, loss of income, and earnings.

31. Defendants' actions and conduct were intentional and intended to harm Plaintiff AMEN.

32. As a result of the acts and conduct complained of herein, Plaintiff AMEN has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff AMEN has also suffered future pecuniary losses,

5

emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

33. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff AMEN demands Punitive Damages.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER §296(15) OF THE NEW YORK STATE EXECUTIVE LAW

34. Plaintiff AMEN repeats and realleges each and every allegation made in the above paragraphs of this complaint.

35. NYSHRL §296(15) provides that, "It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association . . . to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of 'good moral character' which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law."

36. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff AMEN and denying him employment solely due to his prior criminal conviction.

37. Plaintiff AMEN hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law §296.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER §8-107(10) OF THE NEW YORK CITY ADMINISTRATIVE CODE

38. Plaintiff AMEN repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. NYCHRL §8-107(10) provides "(a) It shall be unlawful discriminatory practice for any person to deny any license or permit or employment to any person by reason of his or her

having been convicted of one or more criminal offenses, or by reason of a finding of a lack of 'good moral character' which is based on his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-a of the correction law."

40. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff AMEN and denying him employment solely due to his prior criminal conviction.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER §8-107(13) OF THE NEW YORK CITY ADMINISTRATIVE CODE

41. Plaintiff AMEN repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. NYCHRL §8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and

7

acquiesced in such conduct.

43. Defendants violated the section cited herein as set forth.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER §752 OF THE NEW YORK CORRECTIONS LAW

44. Plaintiff AMEN repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. NYSCL §752 provides that

> Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, to which the provisions of this article are applicable, shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses, unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or (2) the issuance of the license or the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

46. Defendants violated the section cited herein as set forth.

## JURY DEMAND

47. Plaintiff AMEN hereby demands a trial by jury.

**WHEREFORE**, Plaintiff AMEN respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in an unlawful employment practice prohibited by the NYSHRL, the NYCHRL, and the NYSCL, in that Defendants discriminated against, and denied employment to Plaintiff solely on the basis of his prior criminal conviction;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

8

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of $75,000.00;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
May 21, 2018

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: ___/s/ J. Maldonado___
Jessenia Maldonado, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431